**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
UNITED STATES OF AMERICA,            :
                                                **MEMORANDUM OPINION &**
             Respondent,         :           **ORDER**
                                                98 cr. 278 (JFK)
      -against-                         :

NICHOLAS PASCUCCI,                   :

             Petitioner.        :
------------------------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is Nicholas Pascucci's motion for an order pursuant to Rule 32 of the Federal Rules of Criminal Procedure amending the judgment against him by eliminating the restitution requirement.

## I.  Background

    On August 7, 1998, Pascucci pled guilty to workers compensation fraud, making false statements, and wire fraud in violation of 18 U.S.C. §§ 1920, 1001, and 1341.  The Court sentenced Pascucci on April 9, 1999, but then amended the judgment to correct a clerical mistake on August 9, 1999.  Under the amended judgment, Pascucci was sentenced to a year and a day of imprisonment and three years of supervised release.  He was also required to pay a special assessment of $600 and restitution in the amount of $324,709.39, the latter of which was due in full by the end of his second year of supervised release.

After Pascucci's probation officer determined that Pascucci would be unable to satisfy his restitution obligation by the court-imposed deadline, on April 9, 2001, Pascucci entered an agreement with the U.S. Probation Department for the Eastern District of New York in which he promised to make monthly restitution payments of $500.  On March 11, 2002, the Court approved this payment schedule. (Court Ex. A.)  The Government represents that Pascucci has, in general, made these scheduled payments.

Following the end of Pascucci's term of supervised release, the Government requested that Pascucci submit an annual financial disclosure form.  On January 11, 2008, after reviewing Pascucci's most recent annual disclosure, the Government asked Pascucci to increase his monthly payments to $836 (which the Government claims is fifteen percent of his net earnings). According to the Government, Pascucci refused to comply with this request and continues to make monthly payments of only $500.

Pascucci claims that, since his sentence, there have been material changes in his economic circumstances that affect his ability to make restitution payments of any kind.  He first cites a development that actually predates his April 9, 1999, sentence:  on December 18, 1998, Pascucci pled guilty to a weapons charge in New York state court and received time served

and five years' probation. (Def.'s Br. Ex. 6.)  Then, on August 9, 1999 – the same day the Court amended Pascucci's sentence – the Government notified Pascucci that it planned to file a civil suit against him under the False Claims Act.[1] (Def.'s Br. Ex. 10.)  Pascucci claims that his various legal battles have "cost tens of thousands of dollars." (Def.'s Br. 2.)  He further claims that they have made it difficult for him to find employment, secure income, and maintain his marriage.

Pascucci currently receives $600 per month in veteran's disability, $405 per week in unemployment insurance, and "benevolent contributions" from his wife. (Def.'s Br. 4.)  He jointly owns a home with his wife valued at $475,000, which secures a home equity loan of $218,900.72 and a lien in the amount of the restitution. (Id.)  He also has cash and other assets worth approximately $16,000. (Id.)  Should he retire, his monthly Social Security benefit would be $1,036. (Id. at 5.)

Pascucci now moves the Court for an order pursuant to Rule 32 of the Federal Rules of Criminal Procedure amending his judgment by eliminating the restitution requirement.

## I. Discussion

Rule 32, which makes no provision for amending a sentence or judgment, does not offer Pascucci any ground for relief. See

---

[1] The instant submissions do not indicate how this civil suit was resolved.

Fed. R. Crim. P. 32. In light of its duty to read pro se litigants' submissions "to raise the strongest arguments they suggest," Lewis v. Rawson, 564 F.3d 569 (2d Cir. 2009), the Court considers other possible means by which Pascucci could move to eliminate or modify his obligation to pay restitution. In its brief, the Government suggests and then eliminates one such possibility:  18 U.S.C. § 3573, which reads,

> Upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice—
> (1) remit all of part of the unpaid portion of the fine or special assessment, including interest and penalties.

This statute, which applies only to fines and assessments and which is available only on petition by the Government, cannot afford Pascucci the relief he seeks.

Another possibility is 18 U.S.C. § 3583(e)(2), which permits courts to modify the conditions of a defendant's supervised release. See, e.g., United States v. Spallone, 399 F.3d 415, 426 (2d Cir. 2005) ("Because restitution was made a special condition of [defendant's] supervised release, we assume here . . . that § 3583(e)(2) would have authorized the district court to make some modifications of this condition, at least with respect to the schedule on which [defendant] paid restitution." (internal quotation marks omitted)). However, courts can only make modifications under this provision "at any

-4-

time prior to the expiration or termination of the term of supervised release."[2] 18 U.S.C. § 3583(e)(2). Since Pascucci's three-year supervised release term has already expired, 18 U.S.C. § 3583(e)(2) has no application here.

The final possibility is 18 U.S.C. § 3664(k):

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

"A change of the sort contemplated by the statute is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed." United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000); see, e.g., United States v. Brill, No. 99 CR 827, 2007 U.S. Dist. LEXIS 56225, at *25-29 (E.D.N.Y. June 7, 2007) (refusing to modify monthly restitution payments of 15% of defendant's income where only defendant's non-financial condition had changed materially).

---

[2] As used in 18 U.S.C. § 3583(e)(2), "term" refers to the temporal duration of the defendant's supervised release and not to the conditions thereof.

Although 18 U.S.C. § 3664(k) permits courts to adjust the payment schedule or require immediate payment in full, it does not permit courts to eliminate or reduce the restitution obligation. See 18 U.S.C. 3664(k); see also United States v. Mandel, 179 Fed. Appx. 965, 966-67 (7th Cir. 2006) (summary order) (discussing 18 U.S.C. 3664(k) and concluding that, "[a]fter the window for defendant to appeal his sentence closed, no avenue is available to the district court to redetermine the appropriate amount of restitution.").[3]

As in Mandel, the window for appealing the Court's sentence – including the restitution amount – has long since closed. See Fed. R. App. P. 4.  This means that the Court may not reduce or eliminate the amount that Pascucci owes in restitution. Therefore, the Court denies Pascucci's motion to amend the judgment against him by eliminating his obligation to make restitution.

This does not close the matter, however.  The Court also construes Pascucci's motion as (1) requesting a downward modification of the $500 monthly payment and (2) challenging the Government's request that he make monthly payments of $836.

---

[3] Some contrary authority exists. See United States v. Turner, 312 F.3d 1137, 1143 (9th Cir. 2002) ("A court may reduce restitution if it finds that a defendant's economic circumstances have changed." (citing 18 U.S.C. § 3664(k))). The Court agrees with Seventh Circuit that the plain language of the statute does not support such a reading.

The Court denies the first request. Pascucci has not met his burden of demonstrating that his financial circumstances have changed materially. Most of the circumstances he cites – his unemployment, his inability to find work, his reliance on disability and unemployment benefits and his wife's income – existed at the time the Court approved the current payment schedule. (Court Ex. A.) While Pascucci claims that he has spent "tens of thousands of dollars" on legal costs, he does not support this claim with any documentation. This makes it impossible for the Court to determine whether the costs were incurred before or after the current payment schedule was approved and whether the costs were significant enough to materially change Pascucci's financial situation. Therefore, the Court will not modify the current payment schedule.

The Government's request to Pascucci that he increase his monthly payments to $836 is just that, a non-binding request.[4] The Court has not authorized an upward modification in Pascucci's monthly restitution under 18 U.S.C. 3664(k).

## CONCLUSION

---

[4] Pascucci could be forgiven for misunderstanding the non-binding nature of the Government's request. The overdue debtor statement he received from the Department of Justice dated February 14, 2009, listed his next payment amount as $836.00. (Def.'s Br. Ex. 21.) The Government is directed to bill Pascucci in conformity with the court-approved schedule: monthly payments of $500.

Pascucci's motion to amend the judgment by eliminating the restitution requirement is denied.  Pascucci is directed to continue making monthly payments of $500.

SO ORDERED.

Dated:   New York, NY
         June 18, 2009

	_____
	JOHN F. KEENAN
	United States District Judge